IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| LANDMARK TECHNOLOGY, LLC, | |
| Plaintiff, | |
| v. | CASE NO.    6:10-cv-554 |
| BJ'S WHOLESALE CLUB, INC., BOOKS-A-MILLION, INC., HASTINGS ENTERTAINMENT, INC., LULULEMON ATHLETICA, INC., THE TIMBERLAND COMPANY, TUESDAY MORNING CORPORATION, TUPPERWARE BRANDS CORPORATION, ULTA SALON, COSMETICS & FRAGRANCE, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Landmark Technology, LLC ("Landmark"), for its Complaint against BJ's

Wholesale Club, Inc., Books-A-Million, Inc., Hastings Entertainment, Inc.,  lululemon athletica,

inc., The Timberland Company, Tuesday Morning Corporation, Tupperware Brands Corporation

and ULTA Salon, Cosmetics & Fragrance, Inc. (collectively, "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1.    This is an action for patent infringement in violation of the Patent Act of the United

States, 35 U.S.C. §§ 1 *et seq.*

2.    This Court has original and exclusive subject matter jurisdiction over the patent

infringement claims for relief under 28 U.S.C. §§ 1331 and 1338(a).

3.    This Court has personal jurisdiction over Defendants because Defendants have

transacted and are transacting business in the Eastern District of Texas that includes, but is not

limited to, the use of products and systems that practice the subject matter claimed in the patents involved in this action.

4.      Venue is proper in this district under 28 U.S.C. §1391(b-c) and 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District where Defendants have done business and committed infringing acts and continue to do business and to commit infringing acts.

## PARTIES

5.      Plaintiff Landmark Technology, LLC ("Plaintiff") is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 719 W. Front Street, Suite 157, Tyler, Texas 75702.

6.      Plaintiff is informed and believes, and on that basis alleges, that Defendant BJ's Wholesale Club, Inc. ("BJ's"), is a corporation organized under the laws of the State of Delaware, with its principal place of business at One Mercer Road, Natick, Massachusetts 01760.  Plaintiff is further informed and believes, and on that basis alleges, that BJ's is in the retail and wholesale sales and distribution business, and derives a significant portion of its revenue from sales and distribution via Internet-based electronic commerce conducted on and using at least, but not limited to, the Internet websites located at http://www.bjs.com and http://www.bjswholesale.com (the "BJ's Websites").  Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, BJ's has done and continues to do business in this judicial district, including, but not limited to, by selling products to customers located in this judicial district by way of the BJ's Websites.

7.      Plaintiff is informed and believes, and on that basis alleges, that Defendant Books-A-Million, Inc. ("Books-A-Million"), is a corporation organized under the laws of the State of Delaware, with its principal place of business at 402 Industrial Lane, Birmingham, Alabama 35211. Plaintiff is further informed and believes, and on that basis alleges, that Books-A-Million is in the

COMPLAINT FOR PATENT INFRINGEMENT

business of distributing and selling movies, books, audio recordings and other products, and derives a significant portion of its revenue from sales and distribution via Internet-based electronic commerce conducted on and using at least, but not limited to, the Internet website located at http://www.booksamillion.com (the "Books-A-Million Website").  Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Books-A-Million has done and continues to do business in this judicial district, including, but not limited to, by selling products to customers located in this judicial district by way of the Books-A-Million Website.

8. Plaintiff is informed and believes, and on that basis alleges, that Defendant Hastings Entertainment, Inc. ("Hastings"), is a corporation organized under the laws of the State of Texas, with its principal place of business at 3601 Plains Boulevard, Amarillo, Texas 79102.  Plaintiff is further informed and believes, and on that basis alleges, that Hastings is in the business of distributing and selling movies, books, audio recordings and other products, and derives a significant portion of its revenue from sales and distribution via Internet-based electronic commerce conducted on and using at least, but not limited to, the Internet website located at http://www.gohastings.com (the "Hastings Website").  Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Hastings has done and continues to do business in this judicial district, including, but not limited to, by selling products to customers located in this judicial district by way of the Hastings Website.

9. Plaintiff is informed and believes, and on that basis alleges, that Defendant lululemon athletica, inc. ("Lululemon"), is a corporation organized under the laws of the State of Delaware, with its principal place of business at 2285 Clark Drive, Vancouver, British Columbia V5N 3G9.  Plaintiff is further informed and believes, and on that basis alleges, that Lululemon is in the business of designing, producing, distributing and selling athletic clothing and related products, and derives a significant portion of its revenue from sales and distribution via Internet-based

COMPLAINT FOR PATENT INFRINGEMENT

electronic commerce conducted on and using at least, but not limited to, the Internet websites located at http://www.lululemon.com and  http://shop.lululemon.com (the "Lululemon Websites"). Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Lululemon has done and continues to do business in this judicial district, including, but not limited to, by selling products to customers located in this judicial district by way of the Lululemon Websites.

10.     Plaintiff is informed and believes, and on that basis alleges, that Defendant The Timberland Company, Inc. ("Timberland"), is a corporation organized under the laws of the State of Delaware, with its principal place of business at 200 Domain Drive, Stratham, New Hampshire 03885.  Plaintiff is further informed and believes, and on that basis alleges, that Timberland is in the business of designing, producing, distributing and selling shoes, clothing and accessories, and derives a significant portion of its revenue from sales and distribution via Internet-based electronic commerce conducted on and using at least, but not limited to, the Internet websites located at http://www.timberland.com and  http://shop.timberland.com (the "Timberland Websites").  Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Timberland has done and continues to do business in this judicial district, including, but not limited to, by selling products to customers located in this judicial district by way of the Timberland Websites.

11.     Plaintiff is informed and believes, and on that basis alleges, that Defendant Tuesday Morning Corporation ("Tuesday Morning"), is a corporation organized under the laws of the State of Delaware, with its principal place of business at 6250 LBJ Freeway, Dallas, Texas 75240. Plaintiff is further informed and believes, and on that basis alleges, that Tuesday Morning is in the retail sales and distribution business, and derives a significant portion of its revenue from sales and distribution via Internet-based electronic commerce conducted on and using at least, but not limited to, the Internet websites located at http://www.tuesdaymorning.com and

COMPLAINT FOR PATENT INFRINGEMENT

http://shop.tuesdaymorning.com (the "Tuesday Morning Websites").  Plaintiff is informed and

believes, and on that basis alleges, that, at all times relevant hereto, Tuesday Morning has done and

continues to do business in this judicial district, including, but not limited to, by selling products to

customers located in this judicial district by way of the Tuesday Morning Websites.

12.    Plaintiff is informed and believes, and on that basis alleges, that Defendant

Tupperware Brands Corporation ("Tupperware"), is a corporation organized under the laws of the

State of Delaware, with its principal place of business at 14901 South Orange Blossom Trail,

Orlando, Florida 32837.  Plaintiff is further informed and believes, and on that basis alleges, that

Tupperware is in the business of designing, producing, distributing and selling household and

personal care products, and derives a significant portion of its revenue from sales and distribution

via Internet-based electronic commerce conducted on and using at least, but not limited to, the

Internet websites located at http://www.tupperware.com and http://order.tupperware.com (the

"Tupperware Websites").  Plaintiff is informed and believes, and on that basis alleges, that, at all

times relevant hereto, Tupperware has done and continues to do business in this judicial district,

including, but not limited to, by selling products to customers located in this judicial district by way

of the Tupperware Websites.

13.    Plaintiff is informed and believes, and on that basis alleges, that Defendant ULTA

Salon, Cosmetics & Fragrance, Inc. ("ULTA"), is a corporation organized under the laws of the

State of Delaware, with its principal place of business at 1000 Remington Boulevard, Suite 120,

Bolingbrook, Illinois 60440.  Plaintiff is further informed and believes, and on that basis alleges,

that ULTA is in the business of distributing and selling cosmetics and other beauty and related

products, and derives a significant portion of its revenue from sales and distribution via Internet-

based electronic commerce conducted on and using at least, but not limited to, the Internet website

located at http://www.ulta.com (the "ULTA Website").  Plaintiff is informed and believes, and on

COMPLAINT FOR PATENT INFRINGEMENT

that basis alleges, that, at all times relevant hereto, ULTA has done and continues to do business in this judicial district, including, but not limited to, by selling products to customers located in this judicial district by way of the ULTA Website.

## FACTS

14.     On November 19, 1996, United States Patent No. 5,576,951 entitled "Automated Sales and Services System" was duly and legally issued to Lawrence B. Lockwood ("Lockwood") as inventor.  A true and correct copy of United States Patent No. 5,576,951 is attached hereto as Exhibit "A" and incorporated herein by this reference.  Following a reexamination of Patent No. 5,576,951, the United States Patent and Trademark Office issued an Ex Parte Reexamination Certificate, Number US 5,576,951 C1, on January 29, 2008, confirming the validity of all ten (10) original claims and allowing twenty-two (22) additional claims. A true and correct copy of Ex Parte Reexamination Certificate, Number US 5,576,951 C1 is attached hereto as Exhibit "B" and incorporated herein by this reference.  (United States Patent No. 5,576,951, together with the additional claims allowed by Ex Parte Reexamination Certificate, Number US 5,576,951 C1, shall hereinafter be referred to as the "'951 Patent.")  On September 1, 2008, Lockwood licensed all rights in the '951 Patent to Plaintiff.  Plaintiff is the exclusive licensee of the entire right, title and interest in and to the '951 Patent, including all rights to enforce the '951 Patent and to recover for infringement.  The '951 Patent is valid and in force.

15.     On September 11, 2001, United States Patent No. 6,289,319 entitled "Automated Business and Financial Transaction Processing System" was duly and legally issued to Lawrence B. Lockwood as inventor.  A true and correct copy of United States Patent No. 6,289,319 is attached hereto as Exhibit "C" and incorporated herein by this reference.  Following a reexamination of Patent No. 6,289,319, the United States Patent and Trademark Office issued an Ex Parte Reexamination Certificate, Number US 6,289,319 C1, on July 17, 2007, confirming the validity of

COMPLAINT FOR PATENT INFRINGEMENT

all six (6) original claims and allowing twenty-two (22) additional claims.  A true and correct copy

of Ex Parte Reexamination Certificate, Number US 6,289,319 C1 is attached hereto as Exhibit "D"

and incorporated herein by this reference.  (United States Patent No. 6,289,319, together with the

additional claims allowed by Ex Parte Reexamination Certificate, Number US 6,289,319 C1, shall

hereinafter be referred to as the "'319 Patent.")  On September 1, 2008,  Lockwood licensed all

rights in the '319 Patent to Plaintiff.  Plaintiff is the exclusive licensee of the entire right, title and

interest in and to the '319 Patent, including all rights to enforce the '319 Patent and to recover for

infringement.  The '319 Patent is valid and in force.

16.      On March 7, 2006, United States Patent No. 7,010,508 entitled "Automated

Multimedia Data Processing Network" (the "'508 Patent") was duly and legally issued to Lawrence

B. Lockwood as inventor.  A true and correct copy of the '508 Patent is attached hereto as Exhibit

"E" and incorporated herein by this reference.  On September 1, 2008, Lockwood licensed all rights

in the '508 Patent to Plaintiff.  Plaintiff is the exclusive licensee of the entire right, title and interest

in and to the '508 Patent, including all rights to enforce the '508 Patent and to recover for

infringement.  The '508 Patent is valid and in force.

17.      As more fully laid out below, Defendants have been and are now infringing the '951

Patent, the '319 Patent, and the '508 Patent, in this judicial district and elsewhere, by selling and

distributing their products and services using electronic commerce systems, which, individually or

in combination, incorporate and/or use subject matter claimed by the '951 Patent, the '319 Patent,

and the '508 Patent.

## FIRST CLAIM FOR RELIEF

### (Direct Infringement of the '951 Patent, in Violation of 35 U.S.C. § 271(a))

### Against All Defendants

18.      Plaintiff refers to and incorporates herein by reference paragraphs 1-18.

19.     The claims of the '951 Patent relate to "a computer search system for retrieving information" and "a computerized system for selecting and ordering a variety of information, goods and services," each comprising a variety of features.

20.     The BJ's Websites, the Books-A-Million Website, the Hastings Website, the Lululemon Websites, the Timberland Websites, the Tuesday Morning Websites, the Tupperware Websites and the ULTA Website (collectively, the "Websites") are each, individually, "computer search system[s] for retrieving information" and "computerized system[s] for selecting and ordering a variety of information, goods and services" practicing the claims of the '951 Patent.

21.     By way of example only, and not limited to it, each Defendant's Websites infringe Claim 10 of the '951 Patent in that, for example, the Defendant's Websites provide a system that practices all of the limitations of the claim and on which it's customers search for information about products and purchase products, including:

a.     Each of the Websites is a computerized system for selecting and ordering a variety of information, goods and services.

b.     Each of the Websites includes a plurality of computerized data processing installations (the web server and its supporting systems) programmed for processing orders for said information, goods and services.

c.     Each of the Websites is operated through at least one computerized station (the customer's computer).

d.     The web server of each of the Websites and that Defendant's customers' computers practice all of the remaining limitations of Claim 10 of the '951 Patent.

22.     Defendants, therefore, by the acts complained of herein, are making, using, selling, or offering for sale in the United States, including in the Eastern District of Texas, products and/or

COMPLAINT FOR PATENT INFRINGEMENT

services embodying the invention, and have in the past and are now continuing to infringe the '951 Patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

23.     Defendants threaten to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable injury.  It would be difficult to ascertain the amount of compensation that would afford Plaintiff adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required. Plaintiff does not have an adequate remedy at law to compensate it for the injuries threatened.

24.     By reason of the acts of Defendants alleged herein, Plaintiff has suffered damage in an amount to be proved at trial.

25.     Plaintiff is informed and believes, and on that basis alleges, that the infringement by Hastings and Tuesday Morning is willful, wanton, and deliberate, without license and with full knowledge of the '951 Patent, thereby making this an exceptional case entitling Plaintiff to attorneys' fees and enhanced damages.

## SECOND CLAIM FOR RELIEF

### (Inducing Infringement of the '951 Patent, in Violation of 35 U.S.C. § 271(b))
### Against All Defendants

26.     Plaintiff refers to and incorporates herein by reference paragraphs 1-18, 20-22.

27.     Plaintiff is informed and believes, and on that basis alleges, that each Defendant has actively and knowingly induced infringement of the '951 Patent, in violation of 35 U.S.C. § 271(b) by, among other things, inducing its customers (the endusers of its Website(s)) to utilize their own computers in combination with its Website(s), and incorporated and/or related systems, to search for and order information and products from its Website(s) in such a way as to infringe the '951 Patent.

28.     By reason of the acts of Defendants alleged herein, Plaintiff has suffered damage in an amount to be proved at trial.

COMPLAINT FOR PATENT INFRINGEMENT

29.     Defendants threaten to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable injury.  Plaintiff does not have an adequate remedy at law.

30.     Plaintiff is informed and believes, and on that basis alleges, that the infringement by Hastings and Tuesday Morning is willful, wanton, and deliberate, without license and with full knowledge of the '951 Patent, thereby making this an exceptional case entitling Plaintiff to attorneys' fees and enhanced damages.

## THIRD CLAIM FOR RELIEF

### (Direct Infringement of the '319 Patent, in Violation of 35 U.S.C. § 271(a))

### Against All Defendants

31.     Plaintiff refers to and incorporates herein by reference paragraphs 1-18.

32.     The claims of the '319 Patent relate to "an automated data processing system for processing business and financial transactions between entities from remote sites" comprising a variety of features.

33.     The BJ's Websites, the Books-A-Million Website, the Hastings Website, the Lululemon Websites, the Timberland Websites, the Tuesday Morning Websites, the Tupperware Websites and the ULTA Website (collectively, the "Websites") are each, individually, "an automated data processing system for processing business and financial transactions between entities from remote sites" practicing the claims of the '319 Patent.

34.     By way of example, only, and not limited to it, each Defendant's Websites infringe Claim 1 of the '319 Patent in that, for example, the Defendant's Websites provide a system that practices all of the limitations of the claim and on which it's customers search for information about products and purchase products, including:

a.      Each of the Websites is an automatic data processing system for processing business and financial transactions between entities from remote sites. That is, between the particular Defendant and its customers.

b.      Each of the Websites includes a central processor (the web server and its supporting systems) programmed and connected to process a variety of inquiries and orders transmitted from said remote sites.  Each of the websites sells a broad range of products, thus a range of orders are possible.  Each of the websites provides search functions as well as account and order status subject to "a variety of inquiries."

c.      Each of the Websites is operated through a terminal (the customer's computer) at each of said remote sites, which terminal includes a data processor and operates in response to operational sequencing lists of program instructions (the HTML code constituting the web pages of the Website).

d.      The web server of each of the Websites and that Defendant's customers' computers practice all of the remaining limitations of Claim 1 of the '319 Patent.

35.     Defendants, therefore, by the acts complained of herein, are making, using, selling, or offering for sale in the United States, including in the Eastern District of Texas, products and/or services embodying the invention, and have in the past and are now continuing to infringe the '319 Patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

36.     Defendants threaten to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable injury.  It would be difficult to ascertain the amount of compensation that would afford Plaintiff adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required. Plaintiff does not have an adequate remedy at law to compensate it for the injuries threatened.

37.      By reason of the acts of Defendants alleged herein, Plaintiff has suffered damage in an amount to be proved at trial.

38.      Plaintiff is informed and believes, and on that basis alleges, that the infringement by Hastings and Tuesday Morning is willful, wanton, and deliberate, without license and with full knowledge of the '319 Patent, thereby making this an exceptional case entitling Plaintiff to attorneys' fees and enhanced damages.

## FOURTH CLAIM FOR RELIEF

### (Inducing Infringement of the '319 Patent in Violation of 35 U.S.C. § 271(b))

### Against All Defendants

39.      Plaintiff refers to and incorporates herein by reference paragraphs 1-18, 33-35.

40.      Plaintiff is informed and believes, and on that basis alleges, that each Defendant has actively and knowingly induced infringement of the '319 Patent, in violation of 35 U.S.C. § 271(b) by, among other things, inducing its customers (the endusers of its Website(s)) to utilize their own computers in combination with its Website(s), and incorporated and/or related systems, to search for and order information and products from its Website(s) in such a way as to infringe the '319 Patent.

41.      By reason of the acts of Defendants alleged herein, Plaintiff has suffered damage in an amount to be proved at trial.

42.      Defendants threaten to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable injury.  Plaintiff does not have an adequate remedy at law.

43.      Plaintiff is informed and believes, and on that basis alleges, that the infringement by Hastings and Tuesday Morning is willful, wanton, and deliberate, without license and with full knowledge of the '319 Patent, thereby making this an exceptional case entitling Plaintiff to attorneys' fees and enhanced damages.

## FIFTH CLAIM FOR RELIEF

### (Direct Infringement of the '508 Patent, in Violation of 35 U.S.C. § 271(a))

### Against All Defendants

44.     Plaintiff refers to and incorporates herein by reference paragraphs 1-18.

45.     The claims of the '508 Patent relate to "an automated multimedia system for data processing for delivering information on request to at least one user," comprising a variety of features.

46.     The BJ's Websites, the Books-A-Million Website, the Hastings Website, the Lululemon Websites, the Timberland Websites, the Tuesday Morning Websites, the Tupperware Websites and the ULTA Website (collectively, the "Websites") are each, individually, "an automated multimedia system for data processing for delivering information on request to at least one user," practicing the claims of the '508 Patent.

47.     By way of example, only, and not limited to it, each Defendant's Websites infringe Claim 8 of the '508 Patent in that, for example, the Defendant's Websites provide a system that practices all of the limitations of the claim and on which it's customers search for information about products, including:

        a.     Each of the Websites is an automated multimedia system for data processing for delivering information on request to at least one user. That is, it uses text and graphics, among other means, to deliver product information and other information to the customers of the particular Defendant.

        b.     Each of the Websites includes at least one computerized station (the web server and its supporting systems).

        c.     The web server of each of the Websites practices all of the remaining limitations of Claim 8 of the '508 Patent.

COMPLAINT FOR PATENT INFRINGEMENT

48.     Defendants, therefore, by the acts complained of herein, are making, using, selling, or offering for sale in the United States, including in the Eastern District of Texas, products and/or services embodying the invention, and have in the past and are now continuing to infringe the '508 Patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

49.     Defendants threaten to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable injury.  It would be difficult to ascertain the amount of compensation that would afford Plaintiff adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required. Plaintiff does not have an adequate remedy at law to compensate it for the injuries threatened.

50.     By reason of the acts of Defendants alleged herein, Plaintiff has suffered damage in an amount to be proved at trial.

51.     Plaintiff is informed and believes, and on that basis alleges, that the infringement by Hastings and Tuesday Morning is willful, wanton, and deliberate, without license and with full knowledge of the '508 Patent, thereby making this an exceptional case entitling Plaintiff to attorneys' fees and enhanced damages.

## SIXTH CLAIM FOR RELIEF

### (Inducing Infringement of the '508 Patent, in Violation of 35 U.S.C. § 271(b))

### Against All Defendants

52.     Plaintiff refers to and incorporates herein by reference paragraphs 1-18, 46-48.

53.     Plaintiff is informed and believes, and on that basis alleges, that each Defendant has actively and knowingly induced infringement of the '508 Patent, in violation of 35 U.S.C. § 271(b) by, among other things, inducing its customers (the endusers of its Website(s)) to utilize their own computers in combination with its Website(s), and incorporated and/or related systems, to search for and order information and products from its Website(s) in such a way as to infringe the '508 Patent.

COMPLAINT FOR PATENT INFRINGEMENT

54.     By reason of the acts of Defendants alleged herein, Plaintiff has suffered damage in an amount to be proved at trial.

55.     Defendants threaten to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable damage.  Plaintiff does not have an adequate remedy at law.

56.     Plaintiff is informed and believes, and on that basis alleges, that the infringement by Hastings and Tuesday Morning is willful, wanton, and deliberate, without license and with full knowledge of the '508 Patent, thereby making this an exceptional case entitling Plaintiff to attorneys' fees and enhanced damages.

## JURY DEMAND

57.     Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.     For an order finding that the '951 Patent is valid and enforceable;

B.     For an order finding that the '319 Patent is valid and enforceable;

C.     For an order finding that the '508 Patent is valid and enforceable;

D.     For an order finding that, by the acts complained of herein, Defendants have directly infringed, and induced others to infringe, the '951 Patent in violation of 35 U.S.C. § 271;

E.     For an order finding that, by the acts complained of herein, Defendants have directly infringed, and induced others to infringe, the '319 Patent in violation of 35 U.S.C. § 271;

F.     For an order finding that, by the acts complained of herein, Defendants have directly infringed, and induced others to infringe, the '508 Patent in violation of 35 U.S.C. § 271;

G.     For an order finding that Defendants Hastings and Tuesday Morning have willfully infringed the '951 Patent, the '319 Patent and the '508 Patent

COMPLAINT FOR PATENT INFRINGEMENT

H.      For an order temporarily, preliminarily and permanently enjoining Defendants, their officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, and all others acting in concert or privity with any of them, from infringing the '951 Patent, and from inducing others to infringe the '951 Patent;

I.      For an order temporarily, preliminarily and permanently enjoining Defendants, their officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, and all others acting in concert or privity with any of them, from infringing the '319 Patent, and from inducing others to infringe the '319 Patent;

J.      For an order temporarily, preliminarily and permanently enjoining Defendants, their officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, and all others acting in concert or privity with any of them, from infringing the '508 Patent, and from inducing others to infringe the '508 Patent;

K.      For an order directing Defendants to deliver to Plaintiff for destruction or other disposition all infringing products and systems in their possession;

L.      For an order directing Defendants to file with the Court, and serve upon Plaintiff's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which Defendants have complied with the injunction;

M.      For an order awarding Plaintiff general and/or specific damages, including a reasonable royalty and/or lost profits, in amounts to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as all of Defendants' profits or gains of any kind from their acts of patent infringement;

N.      For an order awarding enhanced damages pursuant to 35 U.S.C. § 284 due to the willful and wanton nature of Defendants' infringement

COMPLAINT FOR PATENT INFRINGEMENT

O.      For an order awarding Plaintiff all of its costs, including its attorneys' fees, incurred in prosecuting this action, including, without limitation, pursuant to 35 U.S.C. § 285 and other applicable law;

P.      For an order awarding Plaintiff pre-judgment and post-judgment interest; and

Q.      For an order awarding Plaintiff such other and further relief as the Court may deem just and proper.

DATED:  October 21, 2010                          Respectfully Submitted,


**OF COUNSEL:**                                   By: */s/Charles Ainsworth*

Jeffer Mangels Butler & Mitchell, LLP             Charles Ainsworth
                                                  State Bar No.  00783521
      Stanley M. Gibson                           Robert Christopher Bunt
      (Cal. Bar No. 162329)                       State Bar No. 00787165
      *smg@jmbm.com*                              PARKER, BUNT & AINSWORTH, P.C.
                                                  100 E. Ferguson, Suite 1114
      Gregory S. Cordrey                          Tyler, TX 75702
      (Cal. Bar No. 190144)                       903/531-3535
      *gxc@jmbm.com*                              903/533-9687
                                                  E-mail: charley@pbatyler.com
      Joshua S. Hodas, Ph.D.                      E-mail: rcbunt@pbatyler.com
      (Cal. Bar No. 250812)
      *jsh@jmbm.com*                              Attorneys for Plaintiff,
                                                  Landmark Technology, LLC

1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067
Telephone: (310) 203-8080
Facsimile: (310) 203-0567


COMPLAINT FOR PATENT INFRINGEMENT